**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LEE BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-542-GPM |
| | ) | |
| SALEH OBAISI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Lee Blankenship, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of twenty-two years' imprisonment at the Vienna Correctional Center ("Vienna") for aggravated unlawful use of a weapon, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

According to the allegations of Blankenship's pro se complaint, in 2006, while Blankenship was confined at the Logan Correctional Center ("Logan"), he presented to Defendant Saleh Obaisi, a physician at Logan, as suffering pain in his left arm.  Obaisi diagnosed Blankenship as having tendinitis, and prescribed pain medication to Blankenship.  According to Blankenhip, he suffered an adverse reaction to the medication, whereupon Obaisi signed Blankenship up for a healthy lifestyle class, apparently over Blankenship's objection.  The pain in Blankenship's arm persisted, so that in January 2007 Blankenship asked Obaisi to schedule him for an x-ray.  Obaisi told Blankenship he did not need an x-ray and instead gave him an injection of cortisone.  Thereafter Blankenship was transferred to Vienna.  In July 2008 Blankenship, still suffering pain in his arm, was seen by Defendant John Shepherd, a physician at Vienna, who prescribed pain medication to

Blankenship and sent him to the Shawnee Correctional Center for x-rays.  The x-rays showed no abnormalities, and Blankenship's pain medication was stopped.  Although Blankenship asked for a magnetic resonance imaging test of his arm, he was not given one.  The pain in Blankenship's arm continued, so that in September 2008 he was seen by Defendant Donald Larson, another physician at Vienna, who checked Blankenship's arm and measured Blankenship's mobility, then directed Blankenship to do exercises to regain mobility in his arm.  In October 2008 Blankenship saw Larson again, and complained that the pain in his arm continued and that it was painful for him to do exercises to regain mobility in his arm, whereupon Larson prescribed another six weeks of exercise to regain mobility.   In December 2008 Shepherd sent Blankenship to Southern Orthopedic Associates.  In March 2009 Blankenship was seen by Defendant Kimberly Birch, a physician at Vienna, and Blankenship was scheduled to undergo surgery the same month, but the surgery was cancelled due to an abnormal electrocardiogram ("EKG").  Blankenship was sent to River to River Heart Group ("River to River") to see a cardiologist and undergo a stress test.  The cardiologist who examined Blankenship found an abnormality and mild ischemia.

In July 2009 Blankenship underwent surgery on his arm, and a loose body and a bone spur were removed.  In August 2009 Blankenship saw the orthopedist who performed the surgery to have his sutures removed.  Blankenship expected to see the orthopedist again in six to eight weeks, but Birch did not permit Blankenship to see the orthopedist again.  In November 2009 Blankenship again saw Birch and complained of pain in his arm.  He asked to see the orthopedist who had performed the surgery on his arm and was told by Birch that "they had done everything," whereupon Birch spoke no more about the matter; presumably, "they" refers to the medical staff at Vienna.  Doc. 1 at 4.  Blankenship also saw Birch for a second time in November 2009 about his blood pressure and

complained that his toes were numb and discolored.  Birch examined Blankenship's toes and concluded that there was nothing wrong with them.  In December 2009 Blankenship saw Birch and complained both of pain and loss of mobility in his arm and numbness and discoloration in his toes. With respect to Blankenship's arm, Birch told him "well we've done everything," with "we" meaning, presumably, the medical staff at Vienna, and pointed out that Blankenship was able to move his arm.  *Id*. at 6.  With respect to Blakenship's toes, Birch told Blankenship to wear different shoes.  Blankenship then filed a grievance against Birch, complaining that Birch would not let him see an orthopedist and had put false information in his medical file.  The grievance was denied by Defendant Dan Field, the grievance officer at Vienna, and the denial of the grievance was affirmed by Defendant John Cox, the warden at Vienna.  In July 2010, shortly before this action was filed, Blankenship saw Birch about high blood pressure, and was told that he could not go back to see the orthopedist who performed the surgery on his arm.  Blankenship complains of continuing pain and loss of mobility in his arm and numbness in three of his toes.  Blankenship further complains that Obaisi, Shepherd, Larson, Birch, Field, and Cox have been deliberately indifferent to his serious medical needs.

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.'  The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom

it has incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements.  The first requirement compels the prisoner to satisfy an objective standard:  "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The second requirement demands that the prisoner satisfy a subjective standard:  "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety."  *Id*. (quoting *Wilson*, 501 U.S. at 297, 302-03).  *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'").  The indicia of a serious medical need are:  (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotation marks omitted).

        In this instance, nothing in the allegations of Blankenship's complaint suggests that IDOC personnel have been deliberately indifferent to Blankenship's medical needs.  According to the complaint, Obaisi gave Blankenship pain medication and a shot of cortisone for the pain in his

arm, and signed Blankenship up for a healthy lifestyle class.  Similarly, Shepherd prescribed pain medication to Blakenship, arranged for x-rays of Blankenship's arm (the x-rays, as noted, disclosed nothing wrong with Blankenship's arm), and sent Blankenship to an orthopedist.  Larson prescribed exercises to regain mobility in Blankenship's arm.  Although Blankenship found the exercises prescribed by Larson to be painful, the Court cannot say that Larson's mode of treating Blankenship was unreasonable.  While Blankenship was under treatment by Birch, he was able to have surgery on his arm.  As for Blankenship's toes, Birch told him to wear different shoes.  None of this suggests any deliberate indifference to Blankenship's medical needs and instead it discloses that, as Birch is alleged by Blankenhip to have said, IDOC medical personnel have done everything they can do to relieve the pain in Blankenship's arm.  Although Blankenship seems to be concerned that the numbness in his toes may be a sign of heart disease, the allegations of Blankenship's complaint indicate that he never told Birch about his abnormal EKG in 2009 and the findings of the cardiologist at River to River that Blankenship has a cardiac abnormality and mild ischemia.  Therefore, Birch lacks the requisite culpable state of mind with respect to the alleged numbness in Blankenship's toes.

Boiled down to their essence, Blankenship's allegations amount to quibbles with the courses of treatment selected by his physicians and complaints that those courses of treatment have not been effective, claims that are not actionable as violations of Blankenship's civil rights.  A prisoner's mere disagreement with a physician's chosen course of medical treatment for the prisoner does not amount to deliberate indifference under the Eighth Amendment.  "Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview.  Such matters are questions

of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted).   Similarly, the ineffectiveness of a physician's chosen course of treatment, even if it is the result of the physician's negligence or, possibly, gross negligence, does not rise to the level of deliberate indifference to a prisoner's serious medical needs.   *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice.   But malpractice alone is not enough to meet the constitutional standard."); *Snipes*, 95 F.3d at 590 (citing *Wilson*, 501 U.S. at 305) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Freeman v. Fairman*, 916 F. Supp. 786, 791 (N.D. Ill. 1996) ("[O]rdinary medical malpractice based upon negligence in providing care does not state a claim under the Eighth Amendment."). Blankenship's complaint is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Blankenship's complaint fails to state a claim upon which relief may be granted with respect to Blankenship's claim of violation of his Eighth Amendment rights.   Therefore, this action is **DISMISSED with prejudice**. Blankenship's motion for appointment of counsel (Doc. 3) is **DENIED as moot**.   Blankenship is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).   The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  January 3, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge