IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE BLANKENSHIP, IDOC # N71813,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-542-GPM |
| | ) |
| **SALEH OBAISI, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the mandate of the United States Court of Appeals for the Seventh Circuit (Doc. 21). Plaintiff Lee Blankenship, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Vienna Correctional Center ("Vienna"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Named as Defendants in the case are Saleh Obaisi, Kimberly Birch, John Shepherd, and Donald Larson, who are medical personnel at various IDOC facilities, and Dan Field and John Cox, who are, respectively, a grievance officer at Vienna and the warden of Vienna. Blankenship alleges that Obaisi, Birch, Shepherd, Larson, Field, and Cox were deliberately indifferent to Blankenship's serious medical needs, in violation of the Eighth Amendment. By order entered January 3, 2011, the Court dismissed Blankenship's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. *See* Doc. 5. On appeal from the dismissal, the Seventh Circuit Court of Appeals reversed the dismissal of Blankenship's Eighth Amendment claim against Birch and remanded the case to this Court for

further proceedings on the claim. *See* Doc. 21. Accordingly, it is hereby **ORDERED** as follows:

1. Consistent with the Court's order entered January 3, 2011, dismissing the claims of Plaintiff Lee Blankenship against **OBAISI**, **SHEPHERD**, **LARSON**, **FIELD**, and **COX** and the mandate of the Seventh Circuit Court of Appeals issued October 20, 2011, affirming the dismissal of Blankenship's claims against Obaisi, Shepherd, Larson, Field, and Cox, the Clerk of Court is directed to terminate Obaisi, Shepherd, Larson, Field, and Cox as parties to this litigation on the electronic docket of the case.

2. The Clerk of Court shall prepare for Defendant **BIRCH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

3. It is **further ORDERED** that, if Defendant longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's file or disclosed by the Clerk.

4. It is **further ORDERED** that Plaintiff shall serve upon Defendant (or upon defense

counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

5. Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

6. Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

7. Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

8. Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven** (**7**) **days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 10, 2011              /s/ G. Patrick Murphy
                                      G. PATRICK MURPHY
                                      United States District Judge