IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE BLANKENSHIP, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 10-542-GPM |
| KIMBERLY BIRCH, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is currently before the Court on a Rule 60 motion (Doc. 79), and a motion for leave to appeal in forma pauperis (Doc. 81) both filed by Plaintiff Lee Blankenship. For the reasons set forth below, both motions are denied.

## BACKGROUND

The case came before the Court on June 10, 2013 for a hearing on Defendant Kimberly Birch's motion for summary judgment (*See* Doc. 67), and Plaintiff failed to appear. The Court noted that dismissal would be warranted on Plaintiff's failure to appear, alone (Doc. 67). However, the Court also found that Defendant's motion for summary judgment (Doc. 53) was well received and granted the motion on the merits (Doc 67). Judgment entered that same day—June 10, 2013 (Doc. 68).

Over two months later, on August 15, 2013, Plaintiff filed a motion for extension of time to file a notice of appeal claiming he did not receive notice for approximately two months that

judgment was entered (Doc. 73). On August 27, 2013, the Court denied Plaintiff's request for an extension of time because it was untimely and Plaintiff failed to allege either good cause or excusable neglect (Doc. 74). Plaintiff then filed a Rule 59 motion asking the Court to reconsider the August 27th order and grant his extension of time to file a notice of appeal (Doc. 77). On September 24, 2013, the Court denied Plaintiff's Rule 59 motion (Doc. 78). Plaintiff then filed Notice of Appeal challenging the August 27th order and the September 24th order (Doc. 80). Plaintiff also simultaneously filed a Rule 60 motion (Doc. 79), which is presently before the Court.

## DISCUSSION

### I. Rule 60 Motion

In a scenario such as this, where a party files a notice of appeal after judgment is entered but before the district court has acted on the Rule 60 motion, the notice does not become effective until entry of the district court's order disposing of the pending motion. FED. R. APP. P. 4(a)(4)(B)(i). Therefore, the Court still has jurisdiction to consider Plaintiff's Rule 60 motion.

In his Rule 60 motion, Plaintiff again asks the Court to reconsider the August 27th order and grant his extension of time to file a notice of appeal, claiming he did not receive notice for approximately two months that judgment was entered. Rule 60 is not a means for Plaintiff to re-litigate the arguments previously made in his Rule 59 motion and properly rejected. *Messner v. Calderone*, 447 F. App'x 725, 725 (7th Cir. 2011), *citing Gonzalez v. Crosby,* 545 U.S. 524, 536–38 (2005). Furthermore, the Seventh Circuit has held that Rule 60 relief is not warranted when the reason asserted for that relief is the failure of a litigant to receive notice of the entry of judgment. *DeRango v. United States*, 864 F.2d 520, 523 (7th Cir. 1988), *quoting Spika v. Vill. of Lombard, Ill.*, 763 F.2d 282, 285 (7th Cir. 1985)

Plaintiff also asks the Court to reconsider the June 10th order granting summary judgment to Defendant (Doc. 79). Plaintiff was absent from the hearing on the motion for summary judgment because he was incarcerated, and he claims that he had no way of contacting the Court to explain his circumstances (*See* Doc. 73). He believes his absence from the hearing is the main reason the motion for summary judgment was granted (Doc. 79).

Rule 60 "exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000), *citing Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is not the proper vehicle to redress legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell*, 51 F.3d at 749. It is abundantly clear that Plaintiff's argument is nothing more than an impermissible, direct challenge of the Court's decision to grant Defendant summary judgment made for the purpose of circumventing his lost appeal.

For these reasons, Plaintiff's Rule 60 motion (Doc. 79) is **DENIED**.

## II. Motion for Leave to Appeal In Forma Pauperis

A party who desires to proceed on appeal in forma pauperis must submit an affidavit that includes (1) a statement of all assets the party possesses file a motion and affidavit in the district court that (1) shows the party's inability to pay or give some security for fees and costs, (2) claims an entitlement to redress, and (3) states the issues that the party intends to present on appeal. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff failed to submit the requisite affidavit. The information contained in Plaintiff's motion to appeal in forma pauperis does not sufficiently cover all of the considerations

required by the Court under § 1915. Accordingly, Plaintiff's motion to appeal in forma pauperis (Doc. 81) is **DENIED**. Plaintiff shall tender the appellate filing and docketing fee of $455 to the Clerk of Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

DATED: November 6, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge