UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEE BLANKENSHIP,

    Plaintiff,

        v.                           Case No. 10-cv-542-JPG-DGW

KIMBERLY BIRCH,

    Defendant.

## MEMORANDUM AND ORDER

       This matter comes before the Court on a remand from the United States Court of Appeals for the Seventh Circuit to decide whether to reopen the time for plaintiff Lee Blankenship to file a notice of appeal (Doc. 94). Judgment was entered in this case on June 10, 2013, and Blankenship filed a notice of appeal on October 17, 2013, over three months late. On August 15, 2013, he asked the Court for an extension of time to file an appeal (Doc. 73), which the Court construed as a motion under Federal Rule of Appellate Procedure 4(a)(5) and denied. The Court of Appeals believes the motion is better viewed as a motion to reopen the time for appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and has remanded the matter for consideration of Blankenship's motion under that rule.

       If a party fails to file a notice of appeal within the original 30-day period or any extension granted under Rule 4(a)(5), the Court may reopen the time to file a notice of appeal if:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Federal Rule of Civil Procedure 77(d)(1) requires the Clerk of Court to serve notice of the entry of judgment immediately after it is entered on each non-defaulted party. The 21-day period in Rule 4(a)(6)(A) runs from *receipt* of the notice, not *service*. *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012). Thus, a notice of service by electronic filing, by itself, may not be sufficient to counter evidence of non-receipt. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995).

Blankenship states that, because of his detention, he did not receive notice that his case had been dismissed until August 9, 2013, at which point he immediately placed in the prison mail system his motion for an extension of time. The Court received the motion and docketed it on August 15, 2013.

The record establishes that Blankenship did not receive notice of the judgment in this case within 21 days of its entry, that is, on or before July 1, 2013. His motion was filed within 180 days after the judgment was entered and within 14 days of receiving notice from the Clerk of Court of entry of judgment. Additionally, there is no evidence any party would be prejudiced by reopening the time for appeal. Accordingly, the Court **GRANTS** Blankenship's motion (Doc. 73) and **REOPENS** the appeals period for a period of 14 days after this order is entered. The Court further **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in connection with Appeal No. 13-3296.

**IT IS SO ORDERED.**
**DATED: January 21, 2014**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**